■ Florence Rappaport, Appellant, v Rose Robert Travel Bureau, Inc., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated March 11, 1986, which granted the defendants' motion to dismiss the complaint on the ground of forum non conveniens (CPLR 327) on condition that the defendants accept service of process in New Jersey within 30 days from the date of the order appealed from and appear in New Jersey in an action for the same relief demanded in the complaint.

Ordered that the order is affirmed, with costs, and the plaintiff's time to commence an action in New Jersey for the

same relief for which the defendants must accept service of process, is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

Trial Term properly exercised its discretion in granting the defendants' motion for dismissal of the complaint pursuant to CPLR 327. It is well established that the New York courts "need not entertain causes of action lacking a substantial nexus with New York" *(Martin v Meith,* 35 NY2d 414, 418). Here, the plaintiff is a resident of New Jersey and was injured when she was struck by an automobile being driven by her husband, also a New Jersey resident. The accident occurred in the garage of their New Jersey home. The automobile was owned by a New York corporation, the defendant Rose Robert Travel Bureau, Inc., but was registered in New Jersey. A New Jersey police officer was called to the scene and investigated the circumstances surrounding the accident. Also responding to the scene were members of the local first aid squad, who took the plaintiff to a nearby New Jersey hospital where she was treated and released. Subsequently, the plaintiff underwent orthopedic surgery in New York, at which time she was also examined by a New York psychiatrist.

Taking into consideration all of the relevant factors *(see, e.g., Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108), we agree with the determination that the cause of action does not bear a substantial connection with the State of New York, and should be adjudicated in New Jersey. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.