HIGHGATE PICTURES, INC., Appellant, v JUDITH DE PAUL, Respondent.

First Department, January 9, 1990

## APPEARANCES OF COUNSEL

*Joseph J. Santora* of counsel *(Michael S. Allen* with him on the brief; *Santora & McKay,* attorneys), for appellant.

*Lisa E. Roday* of counsel *(David Aronson* with her on the brief; *Colton, Hartnick, Yamin & Sheresky,* attorneys), for respondent.

## OPINION OF THE COURT

Asch, J.

Plaintiff Highgate Pictures, Inc., a New York corporation, and defendant Judith De Paul, an American citizen residing in London, and her corporation, Silver Chalice Production International, Ltd. (a Bermuda corporation), entered into a contract, dated September 24, 1986, under which the defendant and her corporation would render production services for a proposed five-hour miniseries entitled "Queenie". These services were to be performed in England and France, where financing was to be obtained, and India or Sri Lanka, where it was contemplated the project would be shot. By its terms, the contract was to be governed by California law. Negotiations leading to this contract had been held in New York in 1985 and, after a hiatus of many months, negotiations resumed in

1986 in California between representatives of New World Television, which had acquired plaintiff, and defendant.

Plaintiff allegedly paid defendant $118,500 in fees and advanced her approximately $500,000 in trust, for use in the project. Such moneys were seized by an English bank in connection with unrelated debts of defendant (or one of her corporations) after she failed to segregate such trust funds.

Plaintiff commenced an action in the Federal court (US Dist Ct, SD NY) against defendant and three of her corporations. The plaintiff voluntarily discontinued that Federal court action against her and the Federal court, in May 1987, found that the corporate defendants had not transacted business in New York, that the contract had been negotiated in all significant aspects in California and was to be performed outside New York, and that the alleged breach of contract and tortious activities occurred outside New York. The Federal court granted plaintiff's request to transfer the Federal action against the corporate defendants to the Central District of California. An appeal by plaintiff from a *sua sponte* dismissal of that action for failure to prosecute is now pending.

After the individual defendant, Judith De Paul, moved back to New York, plaintiff commenced this action against her alone, alleging, *inter alia,* breach of contract and breach of fiduciary duty, and seeking an accounting and imposition of a constructive trust.

The IAS court granted defendant's motion to dismiss on forum non conveniens grounds, finding the action had little connection with New York, the contract having been for the most part negotiated in California, executed in California, governed by California law and that alleged breaches and torts occurred in London and India.

The IAS court denied plaintiff's motion to reargue and renew. The court adhered to its prior view that the fact that the two parties were New York residents did not warrant retaining jurisdiction over this action having no substantial nexus to New York.

■ In dismissing the action outright and with prejudice, the IAS court, on the one hand, minimized the importance of the availability of an alternative forum for plaintiff, while, on the other hand, it exaggerated the burden placed on the New York courts by this action.

The availability of an alternative forum for plaintiff, although no longer controlling, remains one of the primary

considerations in determination of a forum non conveniens motion. While the court in *Islamic Republic of Iran v Pahlavi* (62 NY2d 474) upheld a dismissal of an action in the absence of an alternative forum, the action there was between nonresidents and sought a sweeping review of the conduct of a foreign sovereign during his 38-year reign, pursuant to problematic Iranian law. This would have presented an enormous burden to the New York courts. Here, by contrast, the action is a relatively simple breach of contract/tort claim between two New York residents. The failure of the IAS court to ensure the existence of an alternative forum in this straightforward case represents a fundamental failure to implement basic forum non conveniens policy, to do justice and further fairness and convenience *(see, Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361; CPLR 327).

Thus, the IAS court, at the very least, abused its discretion in not conditioning the grant of the motion on a stipulation by defendant to waive any Statute of Limitations defense and to submit to the personal jurisdiction of the California courts (or those of Great Britain).

We find, however, that the most equitable and convenient forum, under the circumstances presented to us, would be New York.

A defendant has a heavy burden in attempting to establish that New York is an inappropriate forum before plaintiff's choice of forum is disturbed *(Bata v Bata,* 304 NY 51; *Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 74). This burden becomes even more onerous where the plaintiff is a New York resident, as is the case here. While defendant maintains that the real party in interest to the contract was plaintiff's California parent, New World Television, the contract was entered into in the name of the New York corporation, Highgate. Only Highgate, therefore, could bring this action. A New York resident plaintiff will not be deprived of its home forum unless "it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties" *(Silver v Great Am. Ins. Co., supra,* 29 NY2d, at 361). While defendant sought to demonstrate that this dispute has scant connection to New York, she has failed to establish that any other forum is *more* convenient to the parties or witnesses *(see, Banco Ambrosiano v Artoc Bank & Trust, supra,* at 73).

The Federal litigation against corporate defendants was

transferred to California due to lack of personal jurisdiction over them in New York; that is not the situation in this action. Nor does the Federal litigation make it more convenient to these parties to litigate in that forum. The corporate defendants defaulted there, and the only continuing litigation is an appeal. Thus, the IAS court inappropriately placed too little weight on the New York residence of both parties, exaggerated the burden of this action on the New York courts, and failed to consider whether New York was as convenient or more so, than any alternative forum.

■ Since we are not limited to deciding that the nisi prius court abused its discretion, but may exercise such discretion independently *(see, Broida v Bancroft,* 103 AD2d 88, 93), we deny the defendant's motion for dismissal of the complaint on forum non conveniens grounds and order the complaint reinstated.

Accordingly, the appeal from the order of the Supreme Court, New York County (Herman Cahn, J.), entered November 15, 1988, which, *inter alia,* granted defendant's motion to dismiss the complaint pursuant to CPLR 327 on grounds of forum non conveniens and dismissed the complaint with prejudice, should be dismissed, without costs or disbursements, as superseded by the appeal from the order entered April 17, 1989; and the

Order of the Supreme Court, New York County (Herman Cahn, J.), entered April 17, 1989, denying plaintiff's motion to reargue and renew, should be reversed, on the law and facts, and in the exercise of discretion, without costs or disbursements, plaintiff's motion to renew granted, and upon renewal, defendant's motion to dismiss the complaint pursuant to CPLR 327 denied, and the complaint reinstated.

KUPFERMAN, J. P., CARRO, KASSAL and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on April 17, 1989, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs and without disbursements, plaintiff's motion to renew granted, and upon renewal, defendant's motion to dismiss the complaint pursuant to CPLR 327 denied, and the complaint reinstated, and an appeal from an order of said court entered on November 15, 1988, unanimously dismissed as superseded by the appeal from the order entered on April 17, 1989, without costs and without disbursements.