■ Avnet, Inc., et al., Appellants, v Aetna Casualty and Surety Company et al., Defendants, and Allianz Underwriters Insurance Company et al., Respondents.—Order, Su-

preme Court, New York County (William J. Davis, J.), entered May 10, 1989, which granted defendants' motions to dismiss those claims of the plaintiffs pertaining to the incidents which occurred at the Oxford, North Carolina and Stockton, California waste sites on the ground of forum non conveniens, unanimously affirmed, without costs.

Plaintiff Avnet, Inc. is a multinational corporation with plants and facilities in 19 States. The New York corporation's headquarters are located in New York as are the majority of its officers. Plaintiff Avnet Technologies, a subsidiary of Avnet, Inc., is a California corporation while plaintiff Channel Master Satellite Systems Inc., acquired by Avnet, Inc. in 1967, maintains its headquarters in New York City. None of the defendants, national and international insurance carriers, are New York corporations although they are all authorized to do business here.

Plaintiffs seek a judgment declaring that defendants are required to defend and indemnify them pursuant to insurance policies issued by defendants with respect to three waste sites operated by plaintiffs in Oxford, North Carolina, Ellenville, New York and Stockton, California. The policies were purchased and delivered to plaintiffs in New York and had been negotiated through New York insurance brokers. Premiums were paid by Avnet's New York insurance department and all claims were presented through its New York office. Defendants' motion to dismiss the claims for indemnification with respect to the California and North Carolina sites on the ground of forum non conveniens was granted by the Supreme Court.

It was not an improvident exercise of discretion for the Supreme Court to have granted defendants' motion to dismiss on forum non conveniens grounds (CPLR 327) since an analysis of the relevant factors indicates that the action will be "better adjudicated elsewhere" (Islamic Republic v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108). Because of the site-specific nature of the claims, witnesses will most likely be located in North Carolina and California and the laws of those States will be relied on to resolve the parties' contentions. The fact that the insurance policies were issued in New York is but one factor to be considered and does not automatically make New York the most convenient forum (Atlantic Mut. Ins. Co. v Cadillac Fairview US, 125 AD2d 181, lv denied 69 NY2d 613). Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.