◼ RUTH M. HERMAN, Appellant, v SEBASTIAN SPARTINELLI

et al., Respondents.—Order unanimously reversed in the exercise of discretion with costs, motion denied and complaint reinstated. Memorandum: We determine that plaintiff's action should not be dismissed because of forum non conveniens. Although the accident occurred at the home of the plaintiff's daughter in Nova Scotia, Canada, and defendants are residents of Nova Scotia, defendants have not shown that Supreme Court, Erie County, is an inconvenient forum. Defendants, plaintiff's daughter and son-in-law, have visited plaintiff at her residence in Buffalo, New York, belying their contention that they will be significantly inconvenienced by traveling to Buffalo for the trial. Moreover, defendants have not shown that there are any necessary witnesses other than themselves who reside in Nova Scotia.

The action involves a fall by plaintiff in defendants' home and defendants have not shown that there will be any witnesses on the question of liability other than the parties. Plaintiff was treated for her injuries for a short time in the hospital in Nova Scotia and thereafter she was treated for some time by physicians in Buffalo who will testify to the duration and permanence of her injuries. Defendants have not shown that it will be necessary to have the physicians who treated plaintiff at the hospital in Nova Scotia testify at the trial, instead of relying upon the hospital records.

In determining a motion to dismiss an action on the ground of forum non conveniens, the court must consider and balance the various competing factors, including the burden on the New York Courts, the potential hardship to defendant, the fact that the transaction giving rise to the action occurred in a foreign jurisdiction, as well as the residence of plaintiff. No one factor is controlling (see, Islamic Republic v Pahlavi, 62 NY2d 474, 478-479, cert denied 469 US 1108). While the residence of plaintiff is not a controlling factor, it is a significant factor which must be given due consideration (Silver v Great Am. Ins. Co., 29 NY2d 356; Sullivan v McNicholas Transfer Co., 93 AD2d 527, 531). Here, considering and balancing the various competing factors, we conclude, in the exercise of our discretion, that Supreme Court should not have declined to exercise jurisdiction over this action. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Dismiss Complaint.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.