■ EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, Appellant, v UNIDYNAMICS CORPORATION et al., Respondents, and CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered March 26, 1992, which, upon reargument, adhered to its original determination that New York is not an appropriate forum and granted defendants-respondents' motion to dismiss the action on forum non conveniens grounds, unanimously affirmed, without costs. The appeal from the order of said court entered on May 3, 1991, which stayed Wausau's action, is unanimously dismissed, without costs, having been superseded by the appeal from the aforesaid order entered on March 26, 1992 (CPLR 5517 [b]).

On August 3, 1990, Wausau commenced a declaratory judgment action in the New York County Supreme Court regarding its obligation to defend and indemnify certain environmental claims against UniDynamics and its subsidiaries (hereinafter, collectively referred to as "UniDynamics"). Other insurers who had issued insurance policies to UniDynamics or its subsidiaries were also joined. A few months later, UniDynamics commenced its own declaratory judgment action in the New Jersey Superior Court. UniDynamics moved to dismiss Wausau's New York action, or in the alternative, for a stay of Wausau's New York action pending a determination of its New Jersey action. Wausau moved to dismiss UniDynamics' New Jersey action and while the New York motion was *sub judice,* the New Jersey Superior Court granted Wausau's motion to dismiss.

In the first order appealed from, the IAS court granted UniDynamics' motion to stay Wausau's action pending the New Jersey action. The court held that New York was an inappropriate forum for Wausau's claims particularly since New York had no involvement with the sites covered by the relevant insurance policies.

Upon UniDynamics' motion to renew and reargue its dismissal motion, the court issued an "interim order" dated July

31, 1991, in which it recalled *nunc pro tunc* the May 3rd order and directed the parties to propose proper implementation of the court's fundamental decision that New York is not a convenient forum. In the second order entered March 26, 1992, the court found "no reason to alter its substantive decision", but dismissed Wausau's action instead of staying the same. In a decision dated March 19, 1992, the New Jersey Appellate Division reversed the order granting dismissal of UniDynamics' New Jersey action and remanded the case for further proceedings in New Jersey.

We hold that the IAS court did not abuse its discretion in concluding that New York is an inconvenient forum for Wausau's claims *(National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005). The IAS court neither misconstrued nor failed to consider relevant facts such as the burden on the New York courts, the potential hardship to UniDynamics, and the unavailability of an alternative forum in which plaintiff may bring suit *(Islamic Republic v Pahlavi,* 62 NY2d 474).

First, we agree with the IAS court that the stipulation dismissing Wausau's 1985 Federal action did not preclude UniDynamics from arguing that New York was an inconvenient forum. Furthermore, in addressing forum non conveniens issues, this court has, as the IAS court stated, citing, *inter alia, Avnet, Inc. v Aetna Cas. & Sur. Co.* (160 AD2d 463), "repeatedly focused on the location of the waste sites, location of witnesses and documents, and the experience of another forum with toxic waste issues." Finally, it also bears noting that three of the sites at issue and two suits concerning personal injury claims are located in New Jersey. In view of the fact that the New Jersey Appellate Division has ruled that New Jersey is an appropriate forum, Wausau cannot complain that an alternative forum is unavailable. Concur— Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.