■ CHRYSLER CAPITAL CORPORATION, Respondent, v CITIBANK, N. A., et al., Appellants.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered April 30, 1992, which denied defendants' motions to dismiss the complaint pursuant to CPLR 327, 3211 (a) (4) and (7), and for a protective order, and granted plaintiff's motion to compel disclosure, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in refusing to disturb plaintiff's choice of a New York forum (see, Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 73-74). While the television station that is the subject of the Federal foreclo-

sure action is located in Ohio, most of the contracts in issue were negotiated, drafted or executed in New York and are governed by New York law, New York is the residence of defendant Citibank, and none of the parties are Ohio residents *(see, Waterways Ltd. v Barclays Bank,* 174 AD2d 324, 327-328); in addition the foreclosure action was not adversarial in nature, and the second Ohio action was commenced by Citibank alone after plaintiff had obtained jurisdiction here.

Nor did the IAS Court abuse its discretion in denying the motions to dismiss on the ground of another action pending *(Whitney v Whitney,* 57 NY2d 731), there not being an identity of parties and issues between this and the Ohio actions *(Morgulas v Yudell Realty,* 161 AD2d 211, 212).

We have considered defendant Citibank's argument that the complaint fails to state a cause of action as against it, and the KT defendants' argument that it was an abuse of discretion for the IAS Court to deny a protective order and find them to be without merit. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.