■ EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Appellant, v PRIMERICA HOLDINGS, INC., et al., Respondents, et al., Defendants. [605 NYS2d 89] —Order, Supreme Court, New York County (Myriam Altman, J.) entered April 2, 1993, in this declaratory judgment action to determine the respective rights to defense and insurance coverage in the underlying multi-State environmental pollution litigation, which, *inter alia,* dismissed the New York action pursuant to CPLR 3211 (a) (4), unanimously affirmed, with costs.

On the basis of the identity of issues in the New York and New Jersey actions and substantial identity of the parties *(see, Morgulas v Yudell Realty,* 161 AD2d 211, 213), the fact that the New Jersey action, in which discovery had already proceeded, had been commenced six months prior to the New York action, and that plaintiff's motion to dismiss the New Jersey action on the basis of forum non conveniens had been denied by the New Jersey court, we find no abuse of discretion *(see, Chrysler Capital Corp. v Citibank,* 186 AD2d 393, 394) in the court's dismissal on the basis of a prior action pending (CPLR 3211 [a] [4]).

Nor should the action be litigated in New York on the basis of forum non conveniens. Approximately 20% of the nationwide sites and all the personal injury actions, are located in New Jersey. This would presumably require the appearances of numerous witnesses from, and subpoenas issued by, New Jersey. Any interest of this State in determining claims derived from insurance policies which were negotiated in New York by witnesses located in New York *(see, Employers Ins. v UniDynamics Corp.,* 183 AD2d 657, *lv denied* 80 NY2d 757; *Continental Ins. Co. v AMAX Inc.,* 192 AD2d 391), is subordi-

nate to that of New Jersey. Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.