■ COMMERCIAL UNION INSURANCE COMPANY, Appellant, v PFIZER, INC., et al., Respondents. [607 NYS2d 255] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered November 20, 1992, which, insofar as appealed from, denied plaintiff's motion to amend the complaint in its declaratory judgment action so as to add environmental site-contamination claims, unanimously affirmed, without costs.

The court did not abuse its discretion in denying plaintiff leave to add a class of insurance coverage claims, arising from different underlying substantive claims from those originally asserted herein, where the proposed new claims have already been brought before the courts of the State of New Jersey, only a small minority of the contaminated sites are located in New York, and no other significant nexus between New York and these claims has been demonstrated. The negotiation and execution of the insurance contracts in New York does not necessarily make New York the only appropriate forum for disputes concerning their coverage (Avnet, Inc. v Aetna Cas. & Sur. Co., 160 AD2d 463, 464). Nor has plaintiff shown a sufficient nexus between the extant New York claims, concerning coverage for personal injuries arising out of exposure to, or ingestion of, toxic substances, and the site-contamina-

tion claims being litigated in New Jersey, such as to persuade us that judicial economy and a concern for uniform results would warrant the grant of leave to amend so as to effect joinder of the actions. Concur—Sullivan, J. P., Ellerin, Kupferman, Rubin and Tom, JJ.