■ MARJORIE Q. HOMOLA, Individually and as Administratrix of the Estates of WILLIAM J. QUINLAN, JR., and Others, Deceased, and as Parent and Natural Guardian of GENEVIEVE HOMOLA, an Infant, Respondent, v LONGSHORE TRANSPORTATION SYSTEMS, INC., et al., Defendants, and ALCAN ALUMINUM LTD. et al., Appellants. [613 NYS2d 310] —Order unanimously affirmed with costs. Memorandum: We conclude that Supreme Court did not abuse its discretion in denying the motions of defendants Alcan Aluminum Ltd. and Alcan Aluminum Corporation to dismiss the complaint on the ground of forum non conveniens. In determining a motion to dismiss based on forum non conveniens, the court must consider various competing factors, including plaintiff's residence, the burden on the New York courts, the potential hardship to defendant and the location of the transaction giving rise to the action (see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479, cert denied 469 US 1108; Herman v Spartinelli, 176 AD2d 1238, 1239). Moreover, where a plaintiff is a New York resident, a defendant bears the heavy burden of establishing that New York is an inappropriate forum before plaintiff's choice of forum will be disturbed (see, Highgate Pictures v De Paul, 153 AD2d 126, 129; Sullivan v McNicholas Transfer Co., 93 AD2d 527, 529).

This action involves a motor vehicle accident that occurred in Ontario, just north of the United States-Canadian border. The accident resulted in the deaths of William J. Quinlan, Jr., Marguerite Quinlan, Robert Homola and John Homola, and personal injury to Genevieve Homola. The accident involved vehicles that were registered in New York and were driven by New York residents. Plaintiff and defendant Meagher are residents of New York, and a number of the corporate defendants have facilities or conduct business in New York. Additionally, there has been no showing by defendants that they would be any more inconvenienced by litigation in New York than plaintiff would be by litigation in Ontario. Furthermore,

plaintiff has submitted affidavits from the Canadian officials who investigated the accident, indicating their willingness to come to New York to testify.

Given those circumstances, defendants' motions were properly denied *(see, Herman v Spartinelli, supra; Highgate Pictures v De Paul, supra; O'Connor v Bonanza Intl.,* 129 AD2d 569, 570; *Sullivan v McNicholas Transfer Co., supra).* (Appeals from Order of Supreme Court, Monroe County, Cornelius, J.— Dismiss Action.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.