■ TIN SANG CHEUNG et al., Appellants, v GENERAL SLICING INC., et al., Respondents. [618 NYS2d 204] —Order, Supreme Court, New York County (Lewis R. Friedman, J.) entered on or about August 4, 1993, which dismissed plaintiffs' complaint on forum non conveniens grounds on condition defendants waive service and Statute of Limitations objections in New Jersey and order, Supreme Court, New York County (Elliott Wilk, J.) entered on or about January 20, 1994, which dismissed plaintiffs' second complaint, unanimously affirmed, without costs.

Contrary to plaintiffs' claims, both IAS Courts did not abuse their discretion in finding that New Jersey was the appropriate forum for plaintiffs' personal injury action. The accident occurred in plaintiffs' restaurant in New Jersey when the hand of the infant plaintiff was caught in a commercial meat grinder. Thus, New Jersey law applies. Moreover, with the exception of one New York physician, the infant plaintiff was treated by New Jersey physicians in New Jersey hospitals. While plaintiffs alleged that the singular New York physician would be unable to testify in New Jersey, they did not substantiate this allegation, and it is undisputed that any New Jersey physicians would be beyond the subpoena power of the New York courts. In addition, defendant Standex has agreed to accept service in New Jersey; thus there is an alternative forum available to plaintiffs. Contrary to plaintiffs' claim, the fact that the machine was transported to New York and inspected here, after the incident occurred, provides only the slightest cognizable nexus to this State. In addition, defendant Standex is a Delaware corporation with its principal office in New Hampshire, and the remaining defendant is a New Jersey corporation. Lastly, while plaintiffs moved to New York during the pendency of this action, and they allegedly witnessed the incident, we find that this, when weighed against all other relevant factors in this case *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108), is

insufficient to warrant a finding that the determinations noted above were an abuse of discretion. Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.