[620 NYS2d 59]

Employers Insurance of Wausau, a Mutual Company, Appellant, v American Home Products Corporation et al., Respondents, and Liberty Mutual Insurance Company et al., Appellants.

First Department, December 15, 1994

### APPEARANCES OF COUNSEL

*John T. Harding, Jr.,* of counsel *(Zelle & Larson,* and *Seward & Kissel,* attorneys), for appellant.

*Gary Hoppe* of counsel *(Aron, Twomey, Hoppe & Gallanty,* attorneys), for Liberty Mutual Insurance Company and others, appellants.

*James W. Christie* for Commercial Union and Employers' Surplus Lines, appellant.

*Daniel J. Thomasch* of counsel *(Stephen G. Foresta, Jodi E. Freid* and *William J. Ruane* of counsel; *Donovan Leisure Newton & Irvine,* attorneys), for American Home Products Corporation and others, respondents.

### OPINION OF THE COURT

NARDELLI, J.

Defendant-respondent American Home Products Corporation (AHP) is a Delaware corporation; at the time this action was commenced its principal place of business was in New York. It was in the process, however, of moving its principal place of business to New Jersey, which process it has now completed. All the contracts of insurance at issue here were negotiated and contracted for by brokers in New York City.

In April 1991, AHP had commenced an action in Delaware against plaintiff Employers Insurance of Wausau (Employers) and 77 other insurance companies for a declaratory judgment that the insurance companies were obligated to indemnify AHP for claims arising from contamination at 32 sites in 11 States. Two months later, Employers commenced this action for a similar declaration and joined the other insurance companies as defendants. Employers and the other insurance companies then moved to dismiss the Delaware action on forum non conveniens grounds. That motion was granted. AHP, in opposing the motion, argued that no matter where the case was tried a significant amount of travel for the parties, lawyers, and witnesses would be necessary. AHP's motion for dismissal of the instant action because of the prior

pending Delaware action was then denied after AHP requested that the instant matter be set down for pretrial conference. Nevertheless, AHP commenced an essentially identical action in New Jersey several months later and made the motion under consideration here to dismiss this action on forum non conveniens grounds in favor of the New Jersey action. Nine of the original 32 sites are in New Jersey. That motion was granted in the Supreme Court except with respect to the one contamination site in New York State.

With respect to such motions, this Court has indeed " 'repeatedly focused on the location of the waste sites, location of witnesses and documents, and the experience of another forum with toxic waste issues' " *(Employers Ins. of Wausau v UniDynamics Corp.,* 183 AD2d 657, 658, *lv denied* 80 NY2d 757, citing *Avnet, Inc. v Aetna Cas. & Sur. Co.,* 160 AD2d 463). In this controversy, however, AHP initially brought the action in Delaware; it resisted a forum non conveniens motion thereby arguing that no matter where the case was to be tried a significant amount of travel would be necessary. Moreover, AHP did inform the Supreme Court that it was ready to proceed in this New York action, initiating its own New Jersey action only six months later, and in fact did take part in discussions with the Special Referee. That New Jersey action has not proceeded in any fashion. The insurance policies here were all contracted for in New York City and AHP's principal office was in New York City, not controlling factors in themselves but factors to be considered *(see, Avnet, Inc. v Aetna Cas. & Sur. Co., supra,* at 464). AHP has not shown why any of its witnesses will be inconvenienced by the litigation being conducted five miles away from the New Jersey courthouse.

As its name indicates, forum non conveniens relief should be granted "when it plainly appears that New York is an inconvenient forum" *(Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361). This basic reason for its application has not been shown here. The history of the controversy—AHP's initial attempt in Delaware and its argument to keep the case there; its initial willingness, even eagerness, to proceed thereafter in New York; the minimal geographical displacement which would result from the nonapplication of the principle here; the business done by the parties in New York—indicates that New York is not an inconvenient forum and has not been regarded as such. Any inconvenience which would arise from aspects of New York substantive law with respect, for in-

stance, to exclusions from coverage *(see, e.g., Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66) would not be an inconvenience attributable to the forum.

Accordingly, the order of the Supreme Court, New York County (Stanley L. Sklar, J.), entered February 25, 1993, which granted defendants-respondents' motion to dismiss the action (except as to one contamination site located in the State of New York) on forum non conveniens grounds in favor of the similar New Jersey action, should be reversed, on the law, with costs, and defendants-respondents' motion to dismiss denied; insurer defendants-appellants' cross motion to enjoin defendants-respondents from prosecuting the New Jersey action should be denied as academic.

SULLIVAN, J. P., WALLACH and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered February 25, 1993, which granted defendants-respondents' motion to dismiss the action (except as to one contamination site located in the State of New York) on forum non conveniens grounds in favor of the similar New Jersey action, reversed, on the law, with costs, defendants-respondents' motion to dismiss denied; insurer defendants-appellants' cross motion to enjoin defendants-respondents from prosecuting the New Jersey action denied as academic.