■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v BRISTOL-MYERS SQUIBB CO., INC., Respondent, and TRAVELERS INSURANCE COMPANY et al., Appellants. [624 NYS2d 332] —Order unanimously affirmed without costs. Memorandum: The "Service of Suit" clause contained in the policies issued by defendants The Travelers Indemnity Company (sued herein as The Travelers Insurance Company), Continental Insurance Company and Hartford Accident & Indemnity Company (defendant insurers) does not operate as a forum selection clause that gives the insured, defendant Bristol-Myers Squibb Co., Inc. (Bristol-Myers), the right to litigate coverage issues in the forum of its choosing *(see, Price v Brown Group,* 206 AD2d 195). Thus, this action should not have been dismissed on the ground that the "Service of Suit" clause gives Bristol-Myers the exclusive right to select the forum for this environmental coverage litigation.

Dismissal is warranted, however, on the ground of forum non conveniens *(see,* CPLR 327). We conclude that, " 'on balancing the interests and conveniences of the parties and the court, the action could better be adjudicated in another forum' " *(Silver v Great Am. Ins. Co.,* 29 NY2d 356, 360, quoting Smit, Report on Uniform Interstate and International

Procedure Act, 13th Ann Report of Jud Conf, 1968, at 136; *and see, Varkonyi v S. A. Empresa de Viacao Airea Rio Grandese [Varig],* 22 NY2d 333, 337-338). Although the choice of forum of a New York resident plaintiff will not be lightly disturbed *(Homola v Longshore Transp. Sys.,* 204 AD2d 1052; *Highgate Pictures v De Paul,* 153 AD2d 126, 129), plaintiff settled its coverage dispute with Bristol-Myers and its motion to discontinue the action has been granted. Neither Bristol-Myers nor defendant insurers chose New York as the forum. Rather, Bristol-Myers has instituted a declaratory judgment action in New Jersey and the Superior Court of that State has ruled that New Jersey is an appropriate forum *(see, Employers Ins. v Primerica Holdings,* 199 AD2d 178; *Employers Ins. v UniDynamics Corp.,* 183 AD2d 657, *lv denied* 80 NY2d 757). The majority of the sites giving rise to the environmental claims against Bristol-Myers are in New Jersey *(see, Commercial Union Ins. Co. v Pfizer, Inc.,* 201 AD2d 273; *Employers Ins. v Primerica Holdings, supra; Avnet, Inc. v Aetna Cas. & Sur. Co.,* 160 AD2d 463). The conclusion that the coverage issues will be better adjudicated in New Jersey is also supported by the fact that the potential liability of Bristol-Myers to claimants in that State is more than four times greater than its potential liability to claimants in New York. Further, the burden on New York courts imposed by this litigation, involving environmental claims arising from 70 sites nationwide and an undisclosed number of insurance policies issued by 114 insurers, weighs in favor of dismissal *(see, Commercial Union Ins. Co. v Pfizer, Inc., supra; Employers Ins. v UniDynamics Corp., supra).* Thus, in the exercise of our discretion *(see, Herman v Spartinelli,* 176 AD2d 1238; *Highgate Pictures v De Paul, supra,* at 130), we conclude "that in the interest of substantial justice the action should be heard in" New Jersey (CPLR 327 [a]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Forum Non Conveniens.) Present— Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.