■ SEUNG-MIN OH et al., Respondents, v GELCO CORPORATION et al., Appellants. [683 NYS2d 95] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 12, 1997, which, upon granting plaintiff's motion to renew a prior order of the same court and Justice, entered on or about April 4, 1997, dismissed the action on the ground of forum non conveniens, vacated the April 4, 1997 order and reinstated the complaint, unanimously reversed, on the law, without costs, and the complaint dismissed on condition that defendants waive any Statute of Limitations, personal jurisdictions and "entire controversy" defenses under New Jersey law. The Clerk is directed to enter judgment accordingly.

On July 21, 1994, at about 2:41 A.M., plaintiff was injured in a multi-vehicle accident on the New Jersey Turnpike with a car driven by defendant Mullholland, a Richmond County resident, which he had leased from defendant Gelco, a Minnesota corporation, which had designated a New York County agent for service of process. Plaintiff and his wife, who died during pendency of this action, were New Jersey residents at the time of the accident, although plaintiff subsequently changed his residence to Queens County. Most relevant nonparty witnesses, including police officers, eyewitnesses, and medical personnel, as well as medical institutions involved, are located in New Jersey, although some eyewitnesses were from Brooklyn and plaintiff claims to have received some medical treatment in New York County.

The accident in issue was immediately preceded by another accident involving plaintiff. This fact is presently relevant insofar as New Jersey's "entire controversy doctrine" requires that related cases be consolidated for litigation. Plaintiff was issued summonses at the scene for driving while intoxicated, and pleaded guilty in New Jersey to charges arising from a death and injuries resulting from the prior accident.

Plaintiff, opposing dismissal on the basis of forum non conveniens, notes that: Gelco's parent company, defendant General Electric, is a New York corporation; plaintiff worked in New York, commuting daily from New Jersey; and that no other action had been pending in New Jersey when the New York County action was instituted. However, two other actions arising from the prior accident subsequently were commenced, and then consolidated, in New Jersey. Plaintiff, of Korean extraction, also argues that he likely would receive a fairer trial in New York insofar as New York City's Asian population is larger than New Jersey's, a contention that we reject.

The present action was commenced by plaintiff in New York County on November 21, 1994. Defendants sought dismissal by notice of motion dated January 18, 1995, which plaintiff opposed by cross-motion dated April 13, 1995. The original order denying dismissal was entered on or about May 20, 1996, which defendants moved to renew on June 30, 1996. By this time, the two-year New Jersey Statute of Limitations had expired, and the New Jersey actions involving parties injured in the immediately preceding accident had been commenced. Upon granting renewal by order entered on or about April 4, 1997, the court then dismissed on the basis of forum non conveniens, on condition that defendants waive the New Jersey Statute of Limitations defense and the defense that New Jersey lacked jurisdiction insofar as related cases had already been commenced. Plaintiff then sought to renew and reargue by motion dated May 5, 1997, now noting, *inter alia*, that the New Jersey cases had settled and were dismissed, subjecting plaintiff to the entire controversy defense and additional procedural impediments. The court then, granted renewal once-again, now noting that the New Jersey cases had already been dismissed, and that the prior renewal order had been predicated on the benefits of consolidating all three cases. The court vacated the April 4, 1997 order and reinstated plaintiff's complaint in New York County.

Considering the relative burden on New York courts, the potential hardship to defendants, the unavailability of alternative forums for plaintiff to seek relief, the respective residences of the actual parties, the location where the accident occurred, and the location of witnesses (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108), New Jersey is clearly the appropriate forum to litigate this action (*Tin Sang Cheung v General Slicing*, 209 AD2d 226), especially in view of the marginal connection to New York County, basically arising from the corporate relationship of two defendants

(*Rappaport v Rose Robert Travel Bur.*, 129 AD2d 620). Such limited connection suggests that this action is, at best, imported litigation (*Rivera v Parvez*, 65 NY2d 860). Nor is plaintiff's change of residence from New Jersey to Queens County during the pendency of this action a dispositive consideration (*Tin Sang Cheung v General Slicing, supra*). Since defendants have evinced a willingness to waive the Statute of Limitations and jurisdictional defenses, a waiver we incorporate into this order, plaintiff cannot claim to be left without a forum as a consequence of dismissal of the New York County action. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.