■ CIARAN HEALY et al., Respondents, v RENAISSANCE HOTEL OPERATING COMPANY et al., Appellants, et al., Defendants. (And a Third-Party Action.) [724 NYS2d 719] —Order, Supreme Court, New York County (Louis York, J.), entered April 12, 2000, which granted defendants-appellants' motion for reargument, but adhered to the prior amended order, same court and Justice, entered November 24, 1999, which, *inter alia*, denied defendants-appellants' motion to dismiss the complaint on grounds of forum non conveniens, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendants-appellants' motion to dismiss the complaint on grounds of forum non conveniens on condition that defendants-appellants, within 10 days of service upon them of a copy of this Court's order with notice of entry, shall serve and file with the New York County Clerk a stipulation that they will accept service of process in and submit to the jurisdiction of the courts of Grenada in any action to be there commenced on the causes of action alleged in the verified complaint, and that in any such action defendants-appellants will not plead and thereby waive any defense of Statute of Limitations or lack of jurisdiction, and otherwise affirmed, without costs. Upon the filing of the aforesaid stipulation, the Clerk shall enter judgment dismissing the action with leave to

plaintiffs, in the event of a dismissal of any such action instituted in Grenada for any reason other than those mentioned under the exceptions contained in CPLR 205, to reinstitute suit in the courts of this State within six months from the date of any such dismissal. Appeal from the prior amended order, unanimously dismissed, without costs, as subsumed in the appeal from the order of April 12, 2000.

Given that plaintiffs husband and wife, both Irish citizens living in London, were vacationing in Grenada, West Indies, when the husband, Ciaran Healy, was hit and severely injured by a power boat as he was snorkeling about 150 yards from shore and that the power boat was owned and operated by a local water sports business which operated from the Renaissance Grenada Resort, and balancing the interests and conveniences of the parties and the court, we decline jurisdiction and find that this action would better be adjudicated in Grenada.

It is undisputed that the accident occurred in Grenada; the material witnesses are in Grenada or England; all medical treatment was rendered in Grenada and London; and the law of Grenada would apply. It is also well settled that acceptance of a suit between nonresident parties, based upon an out-of-State tort, is appropriate only upon a showing of special and unusual circumstances, none of which are evident here.

Accordingly, although the motion court found unspecified questions as to Grenada's jurisdiction over defendants-appellants and whether the Statute of Limitations has run there, and despite defendants-appellants' apparent unwillingness to waive any such defenses they might have in Grenada, the better course would have been to grant defendants-appellants forum non conveniens relief upon condition that they waive any jurisdictional or Statute of Limitations defenses in the clearly more convenient forum. We have considered defendants-appellants' other points and, in light of the foregoing, find them academic and, in any event, unpersuasive. Concur—Tom, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.