■ PATRIOT EXPLORATION, LLC, et al., Respondents, v THOMPSON & KNIGHT LLP, Appellant. [905 NYS2d 592]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 4, 2009, which denied defendant's motion for dismissal of the action on the ground that New York is an inconvenient forum, affirmed, without costs.

In this legal malpractice action, the motion court did not abuse its discretion in declining to dismiss this action on forum non conveniens grounds (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175-177 [2004]). Since the court may grant a forum non conveniens motion "on any conditions that may be just" (CPLR 327 [a]), which includes the power to impose "reasonable conditions designed to protect plaintiffs' interests" (*Chawafaty v Chase Manhattan Bank*, 288 AD2d 58, 58 [2001], *lv denied* 98 NY2d 607 [2002]), the court could properly condition an inconvenient-forum dismissal on a waiver of the foreign forum's two-year statute of limitations (*see e.g. Healy v Renaissance Hotel Operating Co.*, 282 AD2d 363, 364 [2001]; *Seung-Min Oh v Gelco Corp.*, 257 AD2d 385, 387 [1999]; *Highgate Pictures v De Paul*, 153 AD2d 126, 129 [1990]).

Nor can defendant prevail on its belated offer, made in its motion for reargument, to waive its potential statute of limitations defense, since the court had also properly found that defendant had not met its burden of establishing that New York was an inconvenient forum and that the matter should be tried in Texas based upon a consideration of factors including potential hardship to proposed witnesses, the location of records and files, the residency of the parties, and the burden imposed upon the New York courts (*see Gulf Oil Corp. v Gilbert*, 330 US 501, 508 [1947]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Acosta and DeGrasse, JJ.

McGuire and Moskowitz, JJ., dissent in a memorandum by Moskowitz, J., as follows: I dissent and would reverse. This is a legal malpractice action. Plaintiffs and defendant had an ongoing attorney-client relationship commencing in 2004. Plaintiffs moved their offices from New York City to Greenwich, Connecticut in July 2006. According to the complaint, in September 2006, plaintiffs engaged attorneys from defendant's Texas office to represent plaintiffs in connection with certain oil and gas related transactions involving, inter alia, nonparty Apollo Resources International, Inc. Plaintiffs claim that defendant committed malpractice when it incorrectly identified Apollo Resources, instead of Apollo Natural Gas Company, LLC, as the record title owner of certain properties thereby causing plaintiffs to pay the wrong entity. On March 21, 2008, plaintiffs commenced an action in a Texas state court to clear title. On May 8, 2008, plaintiffs obtained a default judgment against the Apollo entities and others in the Texas action and cleared its title.

On October 27, 2008, plaintiffs commenced this action for legal malpractice in New York County. On January 20, 2009, defendant moved to dismiss on the ground of forum non conveniens pursuant to CPLR 327. Defendant did not move to dismiss on statute of limitations grounds pursuant to CPLR 3211 (a) (5).

The motion court denied defendant's motion on June 1, 2009, apparently because defendant had refused to agree to the application of New York's borrowing statute (CPLR 202)* in the alternative forum in Texas. Defendant seems to have misunderstood and thought that the motion court was asking it to waive

---

\* CPLR 202 states: "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause

its statute of limitations defense altogether, and that it was reluctant to do so because it believed at the time that the action was likely time-barred under Texas law. On the initial motion, defendant did offer to deem the filing date in Texas to be October 27, 2008, the same date that plaintiff filed in New York. Defendant then moved for renewal and reargument in which it reversed its prior position and expressed its "willingness to accept the Supreme Court's condition of a complete waiver of the statute of limitations."

However, on September 29, 2009, the motion court still refused to dismiss. In denying reargument, the court, without explanation, found that defendant failed to set forth any basis upon which the court could "conclude that the original motion would have been granted but for [defendant's] failure to waive the defense of statute of limitations." The court noted that just because it considered the waiver issue dispositive did not mean that the motion was otherwise meritorious.

Defendant appealed the June 1, 2009 decision, arguing that the motion court's order should be reversed, and that its original motion should be granted upon stipulation to a complete waiver of any statute of limitations defense. The court's September 29, 2009 decision denying reargument is not appealable (*see U.S. Bank, N.A. v Russell-Esposito*, 71 AD3d 1127 [2010]). Accordingly, we review only the June 1, 2009 decision that denied defendant's motion to dismiss for forum non conveniens.

A motion to dismiss based on forum non conveniens is left to the sound discretion of the motion court (*Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175 [2004]). A party seeking to dismiss a complaint on inconvenient forum grounds bears the burden of demonstrating the "relevant private or public interest factors which militate against accepting the litigation" in that forum (*Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). Among the factors a court must weigh are: (1) residency of the parties, (2) the potential hardship to proposed witnesses, (3) the availability of an alternative forum, (4) the situs of the underlying action, and (5) the burden it will impose on the New York courts (*see Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028 [2009] [dismissing legal malpractice action on forum non conveniens grounds]). No one single factor controls (*id.*). The availability of an alternative forum is no longer a controlling factor, but remains one of the primary considerations in determining a forum non conveniens motion (*Highgate Pictures v De Paul*, 153 AD2d 126, 128-129 [1990]).

---

of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

In general, there is nothing improper about the motion court's conditioning the dismissal of a case on defendant's waiver of the statute of limitations defense or accepting, for statute of limitations' purposes, the application of New York's borrowing statute (*see e.g. Healy v Renaissance Hotel Operating Co.*, 282 AD2d 363, 364 [2001]; *Seung-Min Oh v Gelco Corp.*, 257 AD2d 385, 387 [1999]; *Highgate Pictures v De Paul*, 153 AD2d at 129; *see also Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 967 [2009] [waiver condition required "to assure the availability of a forum for the action"]). However, the effect of a conditional order should not place the plaintiff in a better position than it would have been in the original action. Defendant's offer to deem the filing date in the Texas action to be the same date plaintiff filed in New York should have been sufficient. This would have mitigated any prejudice to plaintiff from the lapse between filing the New York action and filing in Texas, while preserving defendant's statute of limitations defense.

The motion court never expressly applied the factors that go into deciding a forum non conveniens motion but seemed to recognize that this case had little connection to New York. Instead, the court denied the motion because the parties represented that the Texas statute of limitations was shorter than New York's and defendant did not agree to the application of the borrowing statute. Nevertheless, this case clearly does not belong in New York. Defendant maintains an office here, but none of the attorneys at the New York office were involved in the events underlying this case. Plaintiffs' principal places of business are now in Connecticut and virtually all the underlying events occurred, for the most part, after plaintiffs had moved their offices. That plaintiffs previously maintained places of business in New York is not relevant, because the documents and witnesses are no longer within this jurisdiction.

More important, there will likely be a need for testimony from nonparty witnesses, such as individuals from the two Apollo entities, who are located in Texas. Plaintiff argues that there will be no need to call anyone from Apollo. I cannot agree. Rather, testimony from Apollo witnesses may be integral to determine whether defendant law firm was negligent in confusing the Apollo entities. For instance, the determination could depend on what someone at one of the Apollo entities communicated to defendant. The lead attorney on the underlying transaction, who lives in Texas, no longer works for defendant, and as with the Apollo witnesses, it is unlikely a New York court itself can compel his live testimony without assistance from a Texas court. This case thus represents an unnecessary

burden on the New York courts. In addition, all records that either Apollo entity has are located in Texas. Further, the events pertinent to this case all occurred outside New York, the documents are in Texas and, as this case concerns what *defendant* did or did not do, all of the relevant witnesses are in Texas. Finally, Texas certainly has an overriding interest in regulating the conduct of the lawyers admitted in that state (*see Sears Tooth v Georgiou*, 69 AD3d 464 [2010]).

In sum, as the motion court recognized, this case has little connection to New York, while Texas has a strong policy interest. All the relevant witnesses and evidence are in Texas. Accordingly, I would reverse the order and grant the motion on the conditions that: (1) defendant waive any statute of limitations defense in the Texas action as it has requested in this appeal and (2) consent to deeming the filing date of the Texas action to be as of October 27, 2008, the date plaintiffs filed this action in New York.