■ SHIPYARD QUARTERS MARINA, LLC, et al., Appellants, v NEW HAMPSHIRE INSURANCE COMPANY, Respondent. [38 NYS3d 900]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 9, 2016, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in determining that this insurance coverage dispute is better adjudicated in Massachusetts (see *Atlantic Mut. Ins. Co. v Cadillac Fairview US*, 125 AD2d 181 [1st Dept 1986], *lv denied* 69 NY2d 613 [1987]). The record demonstrates that plaintiff Shipyard Quarters Marina, LLC, at the time of the alleged losses, investigation, and commencement of the underlying Massachusetts action, was a Massachusetts resident. In addition, where the underlying dispute involves a Massachusetts plaintiff at the time of the underlying events, property located in Massachusetts, and multiple witnesses who may provide depositions relative to coverage obligations, and where Massachusetts law will most likely apply, dismissal was warranted (see *Alberta & Orient Glycol Co., Ltd. v Factory Mut. Ins. Co.*, 49 AD3d 276, 277 [1st Dept 2008], *lv denied* 10 NY3d 713 [2008]). The fact that the insurance policies were issued in New York "does not automatically make New York the most convenient forum" (*Avnet, Inc. v Aetna Cas. & Sur. Co.*, 160 AD2d 463, 464 [1st Dept 1990]). Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.