Piesker v Price Leasing Corp. (2020 NY Slip Op 05648)





Piesker v Price Leasing Corp.


2020 NY Slip Op 05648


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


693 CA 19-01036

[*1]DALAINE M. PIESKER AND THOMAS R. PIESKER, PLAINTIFFS-APPELLANTS,
v
PRICE LEASING CORPORATION, DEFENDANT-RESPONDENT. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW J. CONNELLY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, HAWTHORNE (STEPHEN D. STRAUS OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered April 25, 2019. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Dalaine M. Piesker (plaintiff) was injured in a motor vehicle accident while driving a truck owned by defendant. Plaintiffs are residents of New York, and defendant has an office and transacts business in New York, but the accident occurred in Virginia. Plaintiffs thereafter commenced this negligence action in New York. Supreme Court subsequently granted defendant's motion to dismiss the complaint on forum non conveniens grounds, reasoning that defendant would be prejudiced by litigating this action in New York because it would be unable to subpoena either the Virginia State Police officers who investigated the accident or the medical providers who treated plaintiff in Virginia immediately following the accident. We reverse.
"[W]here a plaintiff is a New York resident, a defendant bears the heavy burden of establishing that New York is an inappropriate forum before plaintiff's choice of forum will be disturbed" (Homola v Longshore Transp. Sys., 204 AD2d 1052, 1052 [4th Dept 1994]; see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1461 [4th Dept 2014], lv dismissed 24 NY3d 928 [2014]). Defendant failed to meet that heavy burden here. Although "New York courts lack the authority to subpoena out-of-state nonparty witnesses" (Matter of OxyContin II, 76 AD3d 1019, 1021 [2d Dept 2010]), defendant submitted no evidence establishing that the investigating police officers and the emergency medical providers would not testify voluntarily in New York. The court's speculation to the contrary is unsupported by the record. In any event, both New York and Virginia are parties to the Uniform Interstate Depositions and Discovery Act (see CPLR 3119; Va Code Ann § 8.01-412.10), and defendant could, if necessary, depose the subject witnesses in Virginia and thereafter introduce those depositions at trial in lieu of in-person testimony in New York (see CPLR 3117 [a] [3] [ii]). Thus, the court erred in dismissing the complaint on forum non conveniens grounds (see Corines v Dobson, 135 AD2d 390, 390-393 [1st Dept 1987]; see also Cellino & Barnes, P.C., 117 AD3d at 1461; Homola, 204 AD2d at 1052-1053).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court