■ IMPERIAL IMPORTS Co., INC., Respondent, v HUGO NEU & SONS, INC., Doing Business as RIVER TERMINAL DEVELOPMENT COMPANY, et al., Appellants and Third-Party Plaintiffs-Appellants. HANOVER WAREHOUSES, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about December 5, 1989, which

vacated the default of defendants and third-party plaintiffs but adhered to the prior court order (Danzig, J.) severing the third-party action based on the ground of forum non conveniens, unanimously affirmed, with costs.

In 1987 plaintiff Imperial Imports Co., Inc. (Imperial) commenced this action against defendant and third-party plaintiff Hugo Neu & Sons, doing business as River Terminal Development Company (Hugo), to recover property damages sustained in its South Kearny, New Jersey warehouse which was partially leased to Hugo. Both parties are New York-based corporations. Thereafter, Hugo commenced a third-party action against Hanover Warehouses, Inc., the warehouse manager, a New Jersey-based corporation, based upon a hold harmless agreement. While this action was pending, a related action was commenced in New Jersey by another plaintiff against Union Minerals and Alloys Corp., doing business as River Terminal Development Corp. When Hanover moved to dismiss the entire New York action asserting forum non conveniens, based on the pending New Jersey action, Imperial opposed the motion in its entirety and, alternatively, asked that only the third-party action be severed. After Hugo failed to submit any opposition papers, Justice Danzig determined that the main action between Imperial and Hugo should remain in New York County but exercised her discretion to sever the third-party action due to its "many contacts with New Jersey."

Thereafter, Hugo moved to vacate its default to allow it to challenge the severance of the third-party action. Although the vacatur of default was granted, the IAS court adhered to the original determination granting the severance.

Pursuant to CPLR 327 (a) a court may stay or dismiss an action in whole or in part on forum non conveniens grounds upon the motion of a party (VSL Corp. v Dunes Hotels & Casinos, 70 NY2d 948, 949). Hanover's motion for dismissal on the ground of forum non conveniens invoked the court's authority to entertain the granting of such relief in full or in part, based upon any consideration that might be just (CPLR 327 [a]), irrespective of whether or not Hanover specifically sought a severance. Moreover, the court's ruling adhering to the original determination pertaining to the severance of the third-party action was appropriate under the doctrine of forum non conveniens since such action would be better adjudicated in the alternative forum of New Jersey. (See, Islamic Republic v Pahlavi, 62 NY2d 474, cert denied 469 US 1108.) Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.