■ Fwu Chyuang Chow et al., Appellants, v Kenteh Enterprises Corp., Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about October 13, 1989, which, inter alia, granted defendant's motion confirming the report of Special Referee Florence Belsky and granted summary judgment in favor of defendant on the ground of lack of jurisdiction, unanimously affirmed, without costs.

In this personal injury action against a corporate defendant, service of process on the attorney who caused the certificate of incorporation to be filed, and who is listed as the person to whom the Secretary of State shall mail a copy of process served on the Secretary of State, was insufficient to acquire personal jurisdiction over the defendant. The attorney was not a person authorized to accept service (see, CPLR 311 [1]), nor was the Secretary of State served. Further, cases such as Fashion Page v Zurich Ins. Co. (50 NY2d 265), and the other authorities relied upon by plaintiff, are clearly inapposite, since the process server here did not rely upon any conduct,

procedure, or representation made by the attorney, but had in fact been instructed by his superiors to make service on the attorney. We decline to consider the remaining argument, that plaintiff is entitled to a jury trial on this issue, which is raised for the first time on appeal. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.