■ 6 DAVIS ASSOCIATES, INC., Respondent, v RYE CASTLE APARTMENT OWNERS, INC., Appellant. [662 NYS2d 83] —In an action, *inter alia*, to enjoin the defendant from interfering with the plaintiff's quiet enjoyment of a cooperative apartment, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Fredman, J.), dated February 23, 1996, which, upon its motion to dismiss the complaint for lack of personal jurisdiction and the plaintiff's cross motion for leave

to enter a default judgment, directed a hearing to determine whether service of process on the defendant was proper, and (2) an order of the same court (Rudolph, J.), dated June 4, 1996, which, after a hearing, determined that service of process on the defendant was valid and, in effect, denied the defendant's motion to dismiss the complaint.

Ordered that the appeal from the order dated February 23, 1996, is dismissed; and it is further,

Ordered that the order dated June 4, 1996, is reversed, on the law, the defendant's motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

No appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (*see, Singer v Singer,* 170 AD2d 496; *Breiterman v Chemical Bank,* 144 AD2d 325). Accordingly, the defendant's appeal from the order dated February 23, 1996, is dismissed.

The plaintiff served process on the defendant's attorney, Michael B. Doyle, as an authorized agent for the defendant (*see,* CPLR 311 [a] [1]). The record indicates, however, that Doyle's authorization to act as the defendant's agent was clearly limited to, in essence, taking affirmative offensive measures to enforce provisions of leases for apartments in the building owned by the defendant. There is no evidence that Doyle was held out, either by himself or by the defendant, as an authorized agent to receive service of process on behalf of the defendant. The plaintiff therefore failed to meet its burden of proving that Doyle was an authorized agent for the purposes of receiving service of process on the defendant (*see, Fwu Chyuang Chow v Kenteh Enters. Corp.,* 169 AD2d 572; *Preferred Elec. & Wire Corp. v Duracraft Prods.,* 114 AD2d 407; *Boser v Burdick,* 62 AD2d 1134). Because the plaintiff did not serve process on the defendant as required by law (*see,* CPLR 311 [a] [1]), the defendant's motion to dismiss the complaint for lack of personal jurisdiction should have been granted. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.