■ JANICE E. GLUNT, Individually and as Administratrix of the Estate of LEONARD L. GLUNT, Deceased, Respondent, v ABC PAVING COMPANY, INC., et al., Defendants. ABC PAVING COMPANY, INC., et al., Third-Party Plaintiffs-Appellants, v ROADWAY EXPRESS, INC., Third-Party Defendant-Respondent. [668 NYS2d 846] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This negligence and wrongful death action arises from a motor vehicle accident on the New York State Thruway near the Pennsylvania border in May 1990. Plaintiff's husband, a trucker employed by third-party defendant, Roadway Express, Inc. (Roadway), was killed on the return leg of a regularly scheduled run between Akron, Ohio,

and Buffalo, New York, when he rear-ended a tractor-trailer that had slowed down while approaching a paving project. Because plaintiff and her husband were residents of Ohio and Roadway is an Ohio firm, plaintiff applied for and received death benefits from the Ohio Bureau of Workers' Compensation.

In October 1991 plaintiff, individually and as administratrix of her husband's estate, commenced this action against defendants, ABC Paving Company, Inc., and two of its employees who worked on the paving project. In March 1994 defendants, who are from New York, brought a third-party action against Roadway for common-law indemnification and contribution pursuant to New York law. They alleged that Roadway, knowing that plaintiff's husband suffered from a sleep disorder, negligently permitted him to drive. In June 1996 Roadway moved for summary judgment dismissing the third-party complaint on the ground that Ohio law does not permit an action for contribution where, as here, workers' compensation benefits have been paid (*see,* Ohio Rev Code § 4123.74). Supreme Court granted that motion and dismissed the third-party complaint. That was error.

The choice-of-law question presented is whether New York or Ohio law governs this third-party action for contribution by New York defendants against an Ohio employer based upon the death of an Ohio resident in a New York motor vehicle accident. The laws in conflict here are loss allocating rules (*see, Cooney v Osgood Mach.,* 81 NY2d 66, 74; *see also, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 522), and thus the *Neumeier* rules (*Neumeier v Kuehner,* 31 NY2d 121) apply (*see, Cooney v Osgood Mach., supra,* at 73). This case presents the second *Neumeier* paradigm, i.e., the "true" conflict situation "where the parties are domiciled in different States and the local law favors the respective domiciliary" (*Cooney v Osgood Mach., supra,* at 73). Because Ohio and New York have irreconcilable interests in the enforcement of their workers' compensation laws, the place of injury governs (*see, Cooney v Osgood Mach., supra,* at 75-76). Although Roadway argues that the situs of the tort alleged in the third-party complaint is Ohio, we conclude that the situs is New York, because the last event necessary for liability occurred in New York (*see, Schultz v Boy Scouts,* 65 NY2d 189, 195). Thus, New York law controls and this third-party action for contribution is permitted. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.