■ In the Matter of GABRIELE SCHMITT, Respondent, v LAWRENCE N. BERWITZ, Appellant. [734 NYS2d 491] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Hunt, J.), dated August 18, 2000, which denied his objections to an order of the same court (Gartner, H.E.), dated April 1, 1999, denying his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the appellant's objections as the record supports the Hearing Examiner's determination. Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.

■ In the Matter of ROBERT E. STEINBERG, Appellant-Respondent. LAUREL LEVINE, Respondent-Appellant, et al., Respondent. [734 NYS2d 492] —In a turnover proceeding pursuant to CPLR 5225 (b) to set aside a transfer of assets, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 18, 2000, as granted the petition only to the extent of directing a hearing to determine certain issues with respect to the transfer of assets between Sanford C. Levine and Laurel Levine, and Laurel Levine cross-appeals from the same order.

Ordered that the appeal and cross appeal are dismissed, without costs or disbursements.

An order directing a judicial hearing to aid in the disposition of a petition does not decide the petition and does not affect a substantial right. Therefore, the order is not appealable as of right (*see,* CPLR 5701 [a] [2] [v]), and leave to appeal has not been granted. Any party aggrieved by an order or judgment entered subsequent to the hearing may take an appeal therefrom (*see, 6 Davis Assocs. v Rye Castle Apt. Owners,* 242 AD2d 528, 529; *Breiterman v Chemical Bank,* 144 AD2d 325). Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.