■ JOHN M. VAN DEVENTER et al., Respondents, v CS SCF MANAGEMENT LIMITED et al., Appellants, et al., Defendants. [830 NYS2d 97]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 23, 2005, which, insofar as appealed from, denied defendants-appellants' (defendants) motion to dismiss the eleventh and twelfth causes of action on the ground of forum non conveniens, unanimously affirmed, with costs.

The New York forum selection clause in the 1999 strategic consulting agreement (SCA) does not cover the eleventh and twelfth causes of action, which involve the conversion of certain software. When one of plaintiffs' affiliates first asserted ownership of the software, well before the subject causes of action were added to the first amended complaint, it did not mention the SCA; rather, it invoked a different agreement. This prelitigation behavior is more convincing than plaintiffs' postmotion reliance on the SCA (*see generally Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]). Nor should defendants be judicially estopped from arguing that New York is an inconvenient forum. The party who argued that the Bahamian action should be stayed in favor of the New York action (Elegant Hotels Limited) is not claimed to be defendants' alter ego, and defendants were not parties to the Bahamian action (*see Kalikow 78/79 Co. v State of New York*, 174 AD2d 7, 11 [1992], *appeal dismissed* 79 NY2d 1040 [1992]).

Nevertheless, the motion to dismiss the eleventh and twelfth causes of action on the ground of forum non conveniens should be denied. The burden on New York courts of keeping an additional two causes of action in a 15-count complaint would not be great, and it appears that the case is ready for trial (*see Mirabella v Banco Indus. De La Republica Argentina*, 43 AD2d 489, 491 [1974]; *Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 6 AD3d 1, 5 [2004]). Defendants—some of whom are "multinational corporations with ample resources" (*Mionis v Bank Julius Baer & Co., Ltd.*, 9 AD3d 280, 282 [2004])—do not show, or even contend, that it would be a hardship to litigate in New York, and the fact that the plaintiff in the eleventh and twelfth causes of action is foreign does not relieve defendants of their heavy burden of demonstrating that its choice of forum is not in the interest of substantial justice (*see Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]). Finally, while the eleventh and twelfth causes of action can be viewed as a narrow dispute over which of several foreign entities owns the software under foreign law, and while it is permissible to dismiss only part of an action on the basis of forum non conveniens (*see e.g. Imperial Imports Co. v Neu & Sons*, 161 AD2d 411, 412 [1990]), the eleventh and twelfth causes of action are, at the least, part of the broader dispute between the parties arising out of the joint venture between plaintiffs and some of the defendants that has ample ties to New York. It does not make sense to fragment the case. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.