■ ACE FIRE UNDERWRITERS INSURANCE COMPANY, as Successor to AETNA FIRE UNDERWRITERS INSURANCE COMPANY, et al., Respondents, v ITT INDUSTRIES, INC., Formerly Known as ITT CORPORATION AND INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Appellant, et al., Defendants. ACE FIRE UNDERWRITERS INSURANCE COMPANY, as Successor to AETNA FIRE UNDERWRITERS INSURANCE COMPANY, et al., Respondents-Appellants, v ITT INDUSTRIES, INC., Formerly Known as ITT CORPORATION AND INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Respondent, and U.S. SILICA CORPORATION,

Formerly Known as PENNSYLVANIA GLASS SAND CORPORATION, Appellant, et al., Defendants. [843 NYS2d 579]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 8, 2006, which, inter alia, denied defendant ITT's motion to dismiss or stay this action in light of a pending Pennsylvania federal court action, unanimously affirmed, without costs. Order, same court and Justice, entered July 20, 2006, which, inter alia, denied defendant U.S. Silica's motion to dismiss or stay this action in light of a pending West Virginia action and on the ground of forum non conveniens, and granted ITT's motion to dismiss to the extent of staying this action pending a California action with respect to the excess and umbrella insurers' claims for contribution relating to silica-related claims indemnity coverage under a certain 1985 agreement, unanimously affirmed, without costs.

This is an action seeking a declaration as to the obligations of the parties with respect to insurance coverage for a contractual indemnification of silica-related personal injury claims, and with respect to the excess and umbrella insurers' rights to contribution. This action, the Pennsylvania federal action and the West Virginia action were filed virtually simultaneously, so the rule giving precedence to the state in which an action is first commenced, which in any event should not be applied mechanically, is inapplicable (*see L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 7 [2007]).

The Pennsylvania action is far less comprehensive than is this action. The West Virginia action is also less comprehensive, since it mentions neither the 1985 indemnification clause and its coverage, nor any coverage for U.S. Silica after 1985. Nor does it mention indemnitee ITT, which, while perhaps not technically a necessary party, is a crucial one. The coverage issues are contractual, so the location of the personal injury claimants in the underlying actions is of little moment with respect to the relief sought. While the motion court did not address the forum non conveniens branch of U.S. Silica's motion,

we find, upon review of the record (*see Phat Tan Nguyen v Banque Indosuez,* 19 AD3d 292, 294 [2005], *lv denied* 6 NY3d 703 [2006]), that U.S. Silica has failed to carry its heavy burden of showing that retention of the action in New York would not be in the interest of substantial justice (*see Van Deventer v CS SCF Mgt. Ltd.,* 37 AD3d 280 [2007]). The dispute would place no particular burden on the courts of New York: the location of the personal injury claimants is, as noted, irrelevant to the interpretation issues in the coverage dispute; the documents, much of which have been reduced to a single computer disc, may be easily transported; and it is not claimed that unnamed witnesses in West Virginia will be needed to shed light on the dispute.

The California complaint differs from this action in that it mentions "silica sand" only in passing, the initial California complaints involve environmental property damage, the dispute over coverage with respect to the indemnification did not arise until late 2005 (so none of the California discovery or court rulings could have directly addressed that issue), and the claimed conduct of Pacific Employers in possibly ratifying an extension of coverage is not mentioned. However, the excess and umbrella insurers' contribution claims depend not on the primary silica-related coverage in the 1985 agreement, but rather on language in policies that are already before the California court. Even assuming that the argument may properly be raised for the first time at this juncture (*see DeRosa v Chase Manhattan Mtge. Corp.,* 10 AD3d 317, 319-320 [2004]), ITT is not judicially estopped from seeking to stay the contribution claim, since it differs from the primary coverage issues and its contention does not run contrary to a successfully advanced prior position (*see Baje Realty Corp. v Cutler,* 32 AD3d 307, 310 [2006]).

We decline to take judicial notice of any of the materials submitted that are dehors the record. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.