Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 15, 2012, which, in this medical malpractice action seeking damages for wrongful birth, denied defendants’ motion to dismiss the complaint on forum non conveniens grounds and declared that Colorado law should be applied at trial, unanimously affirmed, without costs.
Defendants failed to meet their burden of establishing that New York is an inconvenient forum for this action (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). The court indicated that it had considered the relevant factors (id. at 479), and there is no basis for disturbing its determination (id.).
The court correctly applied an interest analysis to the choice-of-law issue, correctly determined that the conflicting wrongful birth laws at issue are loss-allocating rules, and correctly concluded that Colorado law applies (see Cooney v Osgood Mach., 81 NY2d 66, 72 [1993]). Indeed, under the second rule set forth *511 in Neumeier v Kuehner (31 NY2d 121, 128 [1972]), which applies in this case, the “place of injury” governs and is understood to be where the injury, or the last event necessary to make the defendant liable, occurred, even if the defendant did not actually engage in any actual tortious conduct in that location (see Glunt v ABC Paving Co., 247 AD2d 871, 871 [4th Dept 1998]; see also Schultz v Boy Scouts of Am., 65 NY2d 189, 195 [1985]). Here, the last events necessary to make defendants liable, namely the birth and treatment of the subject child, occurred in Colorado. Concur—Tom, J.P., Moskowitz, Richter, ManzanetDaniels and Clark, JJ. [Prior Case History: 2012 NY Slip Op 30361(U).]