# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**373**
**CA 13-00363**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, AND WHALEN, JJ.

---

CELLINO & BARNES, P.C., PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MARTIN, LISTER & ALVAREZ, PLLC,
DEFENDANT-APPELLANT.

---

ANTHONY D. PARONE, NIAGARA FALLS, FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered January 14, 2013. The order granted the motion
of plaintiff for leave to reargue and, upon reargument, denied the
prior motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, a New York law firm, commenced this
action against defendant, a Florida law firm, seeking quantum meruit
damages for plaintiff's legal representation of a client who later
retained defendant to represent her. Defendant eventually settled the
client's personal injury claim for $495,000, and kept $164,000 as its
fee. Plaintiff seeks a portion of that fee as damages in this action.
Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a)
(8), contending that Supreme Court lacked personal jurisdiction over
the firm. More specifically, defendant contended that it was not
properly served with process, inasmuch as the receptionist upon whom
the summons and complaint were served was not authorized to accept
service, and that, in any event, the court lacks long-arm jurisdiction
over defendant because the firm did not have the requisite minimum
contacts with New York. In the alternative, defendant sought
dismissal of the action on the ground of forum non conveniens (*see*
CPLR 327 [a]). Although the court initially granted the motion, it
granted plaintiff's motion for leave to reargue and, upon reargument,
denied the motion. We now affirm.

Personal service on a corporation may be obtained by delivering
the summons and complaint to, among other people, any "agent
authorized by appointment or by law to receive process" (CPLR 311 [a]
[1]; *see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 832).
Although a corporation is "free to choose its own agent for receipt of

process without regard to title or position" (*Fashion Page, Ltd. v Zurich Ins. Co.*, 50 NY2d 265, 272), the process server is not expected to be familiar with the corporation's internal practices, and is thus entitled to rely upon the "employees to identify the proper person to accept service" (*id.*).

Moreover, a process server's affidavit ordinarily constitutes prima facie evidence of proper service (*see U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing . . . , no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavit[]" (*Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [internal quotation marks omitted]; *see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984-985).

Here, plaintiff submitted an affidavit from the process server, who stated that, upon entering defendant's office, she asked the receptionist for an authorized agent to accept service of the summons and complaint. The receptionist identified herself as a legal assistant and said that she was in charge of the office. When asked whether she was authorized to accept service, the receptionist answered in the affirmative, whereupon the process server handed her the papers. Defendant submitted no evidence to contradict the process server's sworn assertions. Instead, defendant offered an affidavit from one of its partners, who merely stated that the receptionist was not authorized to accept service. The partner was not present when the receptionist was served and had no personal knowledge whether she stated that she was authorized to accept service. Notably, defendant did not submit an affidavit from the receptionist. Under the circumstances, we conclude that the court properly rejected defendant's contention that it was not properly served with process (*see Dunn v Pallett*, 66 AD3d 1179, 1180-1181).

We further conclude that defendant is subject to long-arm jurisdiction under CPLR 302 (a) (1), which provides that New York has jurisdiction over a nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." Under the statute, personal jurisdiction "is proper 'even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Fischbarg v Doucet*, 9 NY3d 375, 380, quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71, *cert denied* 549 US 1095). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*id.* at 380, quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382).

Here, defendant represented a client who was injured in a motor vehicle accident in New York and then obtained "a favorable settlement

of her New York personal injury claim from New York tortfeasors in accordance with New York law" (*Liberatore v Calvino*, 293 AD2d 217, 221).  In addition, before settling the action, the attorney handling the claim for defendant became admitted to practice law in New York. Based on those purposeful activities in New York, we conclude that defendant had the requisite "minimum contacts" with this state to warrant the exercise of long-arm jurisdiction pursuant to CPLR 302 (a) (1) (*International Shoe Co. v State of Washington*, 326 US 310, 316; *see LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216).  We further conclude that the exercise of jurisdiction here comports with due process (*see generally LaMarca*, 95 NY2d at 217-218; *Halas v Dick's Sporting Goods*, 105 AD3d 1411, 1413).

Finally, upon consideration of the relevant factors (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108), we conclude that defendant failed to meet its "heavy burden" of establishing that New York is an inconvenient forum for this action (*ACE Fire Underwriters Ins. Co. v ITT Indus., Inc.*, 44 AD3d 404, 406; *see Fonda v Wapner*, 103 AD3d 510, 510).  The court therefore did not abuse its discretion in denying defendant's motion insofar as it sought to dismiss the action pursuant to CPLR 327 (a) (*see Bodea v TransNat Express*, 286 AD2d 5, 7).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court