Pain Management Center of New Jersey, P.C., as Assignee of Mowatt Melissa Ann, Respondent,
against
All Car Rent-A-Car, Appellant.




Miller, Leiby & Associates, P.C. (Melissa M. Wolin, Esq.), for appellant.
Law Offices Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered November 14, 2014. The order denied defendant's motion to extend its time to answer the complaint and to compel plaintiff to accept its late answer, and granted plaintiff's cross motion for leave to enter a default judgment.




ORDERED that the order is affirmed, with $25 costs.
In August 2013, plaintiff commenced this action to recover assigned first-party no-fault benefits. After failing to timely appear or answer the complaint, defendant served an answer, in January 2014, which plaintiff rejected as untimely. Defendant subsequently moved to extend its time to answer the complaint and to compel plaintiff to accept its late answer, pursuant to CPLR 3012 (d), alleging that plaintiff had not obtained personal jurisdiction over defendant because the person served did not have the authority to accept service of process. Plaintiff cross-moved for leave to enter a default judgment against defendant, pursuant to CPLR 3215. In an order entered November 14, 2014, the Civil Court denied defendant's motion, finding that the summons and endorsed complaint had been properly served on defendant by personal delivery to a person with apparent authority to accept service of process for defendant, and granted plaintiff's cross motion.
The affidavit of service accompanying the summons and endorsed complaint indicated that the process server had personally delivered process to "Tiffany Eli, for All Car Rent-A-Car" at 1941 Utica Avenue, Brooklyn, NY 11234, and knew her to be the "manager," and that Ms. Eli [*2]had stated that she was authorized to accept legal papers for the corporation. In support of its motion, defendant submitted an affidavit by Gil Cygler, who stated that he was the general manager of Citiwide Auto Leasing, Inc., which had its principal place of business at 1941 Utica Avenue, Brooklyn, NY 11234, and that service of process had not been properly effectuated because "All Car Rent-A-Car" was not a business entity but was simply the d/b/a of Citiwide Auto Leasing, Inc. He further stated that plaintiff had not complied with the provisions of CPLR 311 (1), which permits personal service upon a domestic corporation to be made by delivery of the summons only "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Cygler stated that Ms. Eli did not fit within any of the categories enumerated by the statute. Moreover, he contended that he had not authorized Ms. Eli to be such an agent and that she had never been such an agent. 
Service of process on a corporate defendant will be sustained where a process server reasonably relies upon the representation of a corporate employee who claims to have the authority to accept service of process, and where "service [was] made in a manner which, objectively viewed, [was] calculated to give the [defendant] fair notice" (Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272-273 [1980]). Defendant did not submit an affidavit from Ms. Eli denying that she had told the process server that she was authorized to accept service of process on defendant's behalf. Nor did Cygler's affidavit deny that she had made such representation. Indeed, Cygler did not state that he had been present when Ms. Eli had been served and, thus, he had no personal knowledge as to whether she had stated that she was authorized to accept service (see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459 [2014]). As defendant failed to rebut the factual allegations made in the process server's affidavit of service (see Simonds v Grobman, 277 AD2d 368 [2000]; see also Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459), the Civil Court correctly determined that service of process on defendant had been properly effectuated.
Defendant did not otherwise demonstrate that it was entitled to the relief sought. Where the time to serve an answer has expired, a defendant seeking to "extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely . . . must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995 [2014]; see CPLR 3012 [d]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the motion court (see White v Incorporated Vil. of Hempstead, 41 AD3d 709, 710 [2007]). Here, defendant failed to provide a reasonable excuse for its approximately three-month delay in providing an answer. As noted, defendant failed to establish that service was improper; moreover, defendant offered no evidence to explain how Ms. Eli's alleged lack of authority to receive process affected defendant's ability to file and serve a timely answer. Since defendant failed to demonstrate a reasonable excuse, we need not decide whether it demonstrated a potentially meritorious defense.
Accordingly, the order is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017