Robert K. Lesser Living Trust, Dated Apr. 21, 2005 v United Secular Am. Ctr. for The Disabled, Inc. (2018 NY Slip Op 06404)





Robert K. Lesser Living Trust, Dated Apr. 21, 2005 v United Secular Am. Ctr. for The Disabled, Inc.


2018 NY Slip Op 06404


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1020 CA 18-00268

[*1]ROBERT K. LESSER LIVING TRUST, DATED APRIL 21, 2005, PLAINTIFF-RESPONDENT,
v
UNITED SECULAR AMERICAN CENTER FOR THE DISABLED, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






KAZMI & REEVES LLP, NEW YORK CITY (JOHN W. REEVES OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PHILLIPS LYTLE LLP, ROCHESTER (RICHARD J. EVANS, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered October 24, 2017. The order denied the motion of defendant United Secular American Center for the Disabled, Inc., to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to foreclose a mortgage secured by property that defendant United Secular American Center for the Disabled, Inc. (United) purchased from plaintiff. After United failed to appear in the action, a default judgment was entered. By a pro se order to show cause, United's president, Sharif Rahman, moved to vacate the default judgment based upon a lack of personal jurisdiction (see CPLR 5015 [a] [4]). We conclude that Supreme Court properly denied the motion without conducting a traverse hearing to determine whether United was properly served.
"Pursuant to CPLR 311 (a), personal service on a corporation may be accomplished by, inter alia, delivering the summons to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (Interboro Ins. Co. v Tahir, 129 AD3d 1687, 1688 [4th Dept 2015] [internal quotation marks omitted]). Here, "[t]he process server's affidavit, which stated that the corporate defendant was personally served by delivering a copy of the summons and complaint to [Rahman] and provided a description of [him], constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1)" (id. [internal quotation marks omitted]; see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1460 [4th Dept 2014], lv dismissed 24 NY3d 928 [2014]), and United "failed to rebut the presumption of proper service by providing specific facts to rebut the statements in the process server's affidavit[]' " (Wright v Denard, 111 AD3d 1330, 1331 [4th Dept 2013]; see Cellino & Barnes, P.C., 117 AD3d at 1460; cf. Cach, LLC v Ryan, 158 AD3d 1193, 1194-1195 [4th Dept 2018]). We thus conclude that Rahman's conclusory denials of service were "insufficient to support [United's] defense of lack of personal jurisdiction based on improper service of process or raise issues of fact requiring a traverse hearing" (Sharbat v Law Offs. of Michael B. Wolk, P.C., 121 AD3d 426, 427 [1st Dept 2014]; see Reem Contr. v Altschul & Altschul, 117 AD3d 583, 584 [1st Dept 2014]; Irwin Mtge. Corp. v Devis, 72 AD3d 743, 743 [2d Dept 2010]). United's other contentions with respect to the service upon Rahman are raised for the first time on appeal and thus are not properly before us (see Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758 [2d Dept 1985]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Although United further contends that service of process on the Secretary of State did not confer personal jurisdiction over United (see Business Corporation Law § 306; Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431, 431 [1st Dept 2017]; see also Matter of Hamilton Equity Group, LLC v Southern Wellcare Med., P.C., 158 AD3d 1214, 1215 [4th Dept 2018]), we note that, before the motion court, United failed to address, let alone establish any defect in, plaintiff's service of process through the Secretary of State. We thus conclude that United's current challenges to such service, raised for the first time on appeal, are not properly before us (see Fwu Chyuang Chow v Kenteh Enters. Corp., 169 AD2d 572, 573 [1st Dept 1991]; see generally Ciesinski, 202 AD2d at 985).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court