| |
|---|
| **Estate of Wilson v Northern Manhattan Nursing Home, Inc.** |
| 2025 NY Slip Op 32045(U) |
| June 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Indx No. 156894/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JOHN J. KELLEY</u>                          PART            56M

*Justice*

-----------------------------------------------------------------------------X

THE ESTATE OF FLORINE WILSON, by her Administrator, CHARLES WILSON,

                                   Plaintiff,

                             - v -

NORTHERN MANHATTAN NURSING HOME, INC., doing business as NORTHERN MANHATTAN REHABILITATION AND NURSING CENTER, ABC CORPORATION, and ABC PARTNERSHIP (These names being fictitious as their true identities are presently unknown),

                                   Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156894/2024 |
| MOTION DATE | 04/25/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for                          DISMISS                          .

      In this action to recover damages, inter alia, for medical malpractice based on alleged departures from good and accepted practice and nursing home negligence pursuant to Public Health Law §§ 2801-d and 2803-c, the defendant Northern Manhattan Nursing Home, Inc., doing business as Northern Manhattan Rehabilitation and Nursing Center (Northern Manhattan) moves pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the grounds that it fails to state a cause of action (CPLR 3211[a][7]).  The plaintiff opposes the motion.  The motion is denied since it was untimely made (*see* CPLR 3211[e]).  The court thus declines to reach the issue of whether the complaint states a cause of action, specifically, whether the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA), New York Governor's Executive Order 202.10, or the federal Public Readiness and Emergency Preparedness Act (42 USC § 247d-6d, *et seq*.; hereinafter the PREP Act) immunized Northern Manhattan from civil actions such as the one asserted here.

**156894/2024   THE ESTATE OF FLORINE WILSON vs. NORTHERN MANHATTAN NURSING HOME, INC. ET AL**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

The decedent, Florine Wilson, was a resident of Northern Manhattan from approximately 2009 until she was transferred to a hospital on March 30, 2020. She died on April 15, 2020. In the complaint, filed on July 30, 2024, the plaintiff, Charles Wilson, as administrator of her estate, alleged that Northern Manhattan became aware of the COVID-19 pandemic in or around January 2020, but failed to provide her with appropriate care or customary nursing and rehabilitation services during that time. The plaintiff further alleged that the decedent contracted COVID-19 while a resident at the facility, and that Northern Manhattan failed to implement proper infection control measures, including maintaining adequate personal protective equipment (PPE), isolating infected residents, properly sterilizing equipment, and screening persons entering the premises. Finally, the plaintiff alleged that the decedent suffered neglect and deterioration in her condition as a result of the facility's failures during the COVID-19 crisis.

In its motion, Northern Manhattan argued that the complaint should be dismissed because EDTPA and Executive Order 202.10 conferred immunity upon it from civil actions such as the one asserted here. It further contended that the PREP Act also provided it with immunity for acts related to healthcare services and "covered countermeasures" undertaken in response to the COVID-19 pandemic. The plaintiff, in opposition, argued, inter alia, that the motion must be denied as untimely under CPLR 3211(e), because the notice of motion was served and filed after the expiration of the time to answer the complaint or appear in the action. The plaintiff also argued that EDTPA immunity was inapplicable due to its repeal, and that the care provided to the decedent was a continuation of pre-pandemic treatment. Additionally, the plaintiff asserted that the PREP Act does not apply and that the complaint adequately alleges gross negligence and recklessness, which fall outside the scope of any statutory immunity.

The court concludes that the motion is procedurally barred as untimely under CPLR 3211(e). The court notes that the parties submitted extensive argument and documentation regarding the applicability of EDTPA, the PREP Act, and related immunities. Since Northern Manhattan's motion to dismiss was untimely pursuant to CPLR 3211(e), the court declines to

**156894/2024   THE ESTATE OF FLORINE WILSON vs. NORTHERN MANHATTAN NURSING HOME, INC. ET AL**
**Motion No.  001**

**Page 2 of 4**

reach most of the parties' substantive arguments as to the applicability of EDTPA or the PREP Act, or whether the complaint sufficiently alleged gross negligence.[1]

The record reflects that Northern Manhattan, a domestic business corporation, was properly served with the summons and complaint in accordance with CPLR 311(a)(1), since the applicable affidavit of service recited that, on August 1, 2024, the plaintiff's process server delivered the initiating papers to a woman named T.M., an administrative assistant for Northern Manhattan, who identified herself as a person authorized to accept service on behalf that corporation. A process server's affidavit of service is prima facie evidence of proper service (*see Johnson v Deas*, 32 AD3d 253, 254 [1st Dept 2006]). As relevant here,

> "[p]ersonal service on a corporation may be obtained by delivering the summons and complaint to, among other people, any agent authorized by appointment or by law to receive service. Although a corporation is free to choose its own agent for receipt of process without regard to title or position, the process server is not expected to be familiar with the corporation's internal practices, and is thus entitled to rely upon the employees to identify the proper person to accept service"

(*Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC*, 117 AD3d 1459, 1460 [4th Dept 2014] [citations omitted]; *see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272 [1980]). Hence, the plaintiff's process server was entitled to rely on T.M.'s representations that she was authorized to receive service on behalf of the corporation, and personal delivery of the summons and complaint to her must be deemed valid (*see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC*, 117 AD3d 1459, 1460 [4th Dept 2014]; *see also Fashion Page v Zurich Ins. Co.*, 50 NY2d at 272; *Passeri v Tomlins*, 141 AD3d 816, 818 n [3d Dept 2016]), particularly because Northern Manhattan has not challenged the propriety of service in connection with this motion.

---

[1] Appellate courts already have determined that the repeal of EDTPA was prospective only (*see Hasan v Terrace Acquisitions II, LLC,* 224 AD3d 475, 477 [1st Dept 2024] [finding that not only did the statutory text use no retroactivity language, but many other factors used in determining whether a statute is retroactive also were not applicable]; *Whitehead v Pine Haven Operating LLC,* 222 AD3d 104, 107 [3d Dept 2023] [determining that both the text of the statute and the legislative history of the repeal weighed against a retroactive application]; *Ruth v Elderwood At Amherst,* 209 AD3d 1281, 1287 [4th Dept 2022] [finding that the expressions of the legislative intent were insufficient to show that the repeal was meant to apply retroactively]).

156894/2024   THE ESTATE OF FLORINE WILSON vs. NORTHERN MANHATTAN NURSING HOME, INC. ET AL
Motion No.  001

Page 3 of 4

3 of 4

Inasmuch as Northern Manhattan was served by personal delivery on August 1, 2024, it was obligated to answer, move with respect to the complaint, or otherwise appear in the action within 20 days thereof (see CPLR 3012[a]), or by August 21, 2024. A motion to dismiss pursuant to CPLR 3211 extends the time to serve a responsive pleading only if it is made within the time statutorily prescribed to answer or appear; it does not operate to cure a party's default (*see Wenz v Smith*, 100 AD2d 585, 586 [2d Dept 1984]; *Danahy v Meese*, 84 AD2d 670 [4th Dept 1981]; *YM Antiques, Inc. v Monr51, LLC*, 2011 NY Slip Op 33800[U], *11-12, 2011 NY Misc LEXIS 6859, *15-17 [Sup Ct, N.Y. County, Aug. 16, 2011]). Here, Northern Manhattan's motion was made on September 23, 2024 (*see* CPLR 2211), or more than one month after its time to answer had expired.[2] The motion thus must be denied as untimely.

Accordingly, it is

ORDERED that the motion of the defendant Northern Manhattan Nursing Home, Inc., doing business as Northern Manhattan Rehabilitation and Nursing Center, to dismiss the complaint insofar as asserted against it is denied.

This constitutes the Decision and Order of the Court.

| 6/9/2025 | | JOHN J. KELLEY, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED   ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[2] The court notes that, on July 31, 2024, the plaintiff also served two copies of the summons and complaint upon Northern Manhattan by personally delivering them to the Secretary of State and tendering payment of the required fee (*see* CPLR 311[a][1]; Business Corporation Law § 306). Where copies of the summons and complaint are delivered "to an official of the state authorized to receive service on [its] behalf" (CPLR 3012[c]), that defendant would have had 30 days from July 31, 2024, or until August 30, 2024, within which to answer, appear, or move with respect to the complaint (*see id.*). Hence, regardless of which date is considered to be Northern Manhattan's deadline for answering, appearing, or moving with respect to the complaint, by making this motion on September 23, 2024, its motion was untimely.

**156894/2024   THE ESTATE OF FLORINE WILSON vs. NORTHERN MANHATTAN NURSING**                **Page 4 of 4**
**HOME, INC. ET AL**
**Motion No.  001**

4 of 4

[* 4]